UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

INNOVATIVE FOOD HOLDINGS, INC.,

      Plaintiff,

v.                     Case No: 2:16-cv-843-FtM-99CM

MICHAEL FERRONE and CHRISTOPHER BROWN,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion to Stay (Doc. #14) filed on January 17, 2017. Plaintiff filed a Response in Opposition (Doc. #19) on January 31, 2017. For the reasons set forth below, the motion is denied.

**I.**

On November 18, 2016, plaintiff Innovative Food Holdings, Inc. (plaintiff or Innovative) filed a five-count Complaint (Doc. #1) against defendants Michael Ferrone (Ferrone) and Christopher Brown (Brown) seeking damages for breach of contract, fraudulent misrepresentation, fraud, and tortious interference with contract. The Complaint alleges that Ferrone, a beneficial owner of Innovative's common stock, breached certain agreements with Innovative by initiating transfer to Brown of stock shares via a settlement agreement and by failing to fully disclose to Brown

certain limitations on shares of Ferrone's stock, such as transfer restrictions.  Innovative, Brown, and Ferrone are all parties in a first-filed and currently-pending case in the United States District Court for the Western District of North Carolina, Charlotte Division (the "North Carolina Action").  In that case, Brown filed suit against Innovative and Ferrone, asserting a claim against Innovative for tortious interference with a settlement agreement between Brown and Ferrone, among other claims.

Although both parties agree that the North Carolina Action and the instant case are substantially related, the parties do not agree regarding the proper forum that their disputes should be litigated.  Innovative believes it is this Court and Brown says North Carolina, prompting motion practice.  Innovative filed a Motion to Dismiss or Alternatively, to Transfer Venue, in the North Carolina Action, which was fully briefed on December 15, 2016.  On January 4, 2017, Brown filed his own Motion to Dismiss or Alternatively, Motion to Transfer this action to the North Carolina District Court for lack of personal jurisdiction, failure to state a claim, or for transfer, arguing that plaintiff's claims are really compulsory claims that should have been brought in the North Carolina Action.  (Doc. #11.)

Plaintiff moves to stay this Court's consideration of Brown's motion to dismiss in this action until the North Carolina court

resolves its motion to dismiss or transfer.[1] Plaintiff contends that the North Carolina court's decision on the motion to dismiss will likely necessitate that the pleadings be amended in this action (either Innovative will need to amend its Complaint or Brown will have to assert his claims against Innovative and Ferrone in this action). Brown disagrees, arguing that Innovative chose to file the action in this Court instead of waiting until the first-filed North Carolina case was resolved and that this Court cannot wait an indefinite amount of time for a ruling by the North Carolina court.

## II.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Determining whether a stay is justified requires an "exercise of judgment, which must weigh competing interests and maintain an even balance." Id. at 254-55. "The party moving for a stay bears the burden of demonstrating that it is appropriate." Harris Corp. v. Rembrandt Technologies, LP, No. 07-CV-796, 2007 WL 2757372, at *1 (M.D. Fla. Sept. 20, 2007). Plaintiff asks this

---

[1] The Court previously stayed plaintiff's time to respond to Brown's motion to dismiss until the Court rules on the motion to stay. (Doc. #16.)

Court to exercise its discretionary authority and stay consideration of Brown's motion to dismiss.

The Court fails to see how the North Carolina court's resolution of Innovative's motion to dismiss is necessary to this Court's consideration of Brown's motion to dismiss as the motions involve consideration of dismissal of different claims, brought by different parties.  This Court is not required to afford a decision in the North Carolina Action any deference and if the parties believe that any decision by the North Carolina court warrants an amendment to the pleadings, the parties may move for such relief, but a stay is not warranted.

### III.

Finally, the Court notes that plaintiff has not obtained service of process on defendant Ferrone and the time to do so has expired.  Therefore, plaintiff will be required to show cause why defendant Ferrone should not be dismissed for failure to execute service of process within the time allotted under Fed. R. Civ. P. 4(m).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Plaintiff's Motion to Stay (Doc. #14) is **DENIED.**

2.   Plaintiff's response to Brown's Motion to Dismiss or Alternatively, Motion to Transfer (Doc. #11) is due within **SEVEN (7) DAYS** of this Opinion and Order.

3.    Plaintiff shall show cause within **SEVEN (7) DAYS** of this Opinion and Order why defendant Michael Ferrone should not be dismissed for failure to prosecute.  **The failure to respond will result in a dismissal without prejudice and without further notice as to defendant Michael Ferrone.**

**DONE and ORDERED** at Fort Myers, Florida, this   8th   day of March, 2017.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record